UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| William Hamilton, #262019, | ) | C/A No. 4:09-1311-HMH-TER |
|---|---|---|
| Petitioner, | ) ) ) | REPORT AND RECOMMENDATION |
| vs. | ) ) | |
| LeVern Cohen, Warden, | ) ) ) | |
| Respondents. | ) ) | |

Petitioner, William Hamilton ("Petitioner/Hamilton"), appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on May 21, 2009. Respondent filed a motion for summary judgment on April 13, 2009, along with a return, supporting memorandum, and exhibits. The undersigned issued an order filed November 9, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. Petitioner filed a response in opposition on December 4, 2009, and a request for "expansion of the record." In said response, Petitioner stated that Respondent had attached an Appendix and transcript from the wrong state case (state case number 00-CP-21-134) when this habeas petition concerns state case #04-CP-21-1267. Petitioner asserts that the two cases are separate and distinct.

Respondent filed a response to Petitioner's opposition and motion to expand the record.

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the District Judge.

Respondent asserts in the response that for an ". . . inexplicable reason, it attached the wrong Appendix to its Return and Memorandum of Law in Support of Summary Judgment." Respondent contends that instead of correctly attaching the Appendix related to his June 8, 2007, Petition for Writ of Certiorari, which was his appeal in PCR action 04-CP-21-1267, respondent inadvertently attached the Appendix from the appeal in 00-CP-21-01267. Therefore, Respondent attached the correct Appendix but denied "that it has confused the two cases and Respondent submits that it is entitled to summary judgment for the reasons previously argued in its Return." (Doc. #26). Thereafter, the undersigned issued a second Roseboro Order on December 15, 2009, based on the filing of the correct Appendix. Petitioner filed a response in opposition on February 22, 2010.

## I. PROCEDURAL HISTORY

The procedural history as set out by the Respondent has not been seriously disputed by the Petitioner. Therefore, the undisputed procedural history as stated by the Respondent is set forth herein.

Petitioner is presently confined in the Turbeville Correctional Institution, of the South Carolina Department of Corrections (SCDC), as the result of his Florence County conviction and sentence for distribution of crack cocaine, third offense. The Florence County Grand Jury indicted Petitioner at the January 2004 term of court for unlawful drugs (04-GS-21-00054). **2007 App. 359-61**. Henry M. Anderson, Jr., Esquire, represented him on the charge.

On April 28-30, 2004, Petitioner received a jury trial on this charge before the Honorable James E. Lockemy. The jury found him guilty of possession of crack cocaine with the intent to distribute. The conviction was Petitioner's third offense. Judge Lockemy sentenced him to ten years

imprisonment and a $20,000.00 fine. Judge Lockemy took Petitioner's previous two convictions for possession of crack cocaine[1] into consideration when determining his sentence. **2007 App. 1-277**. Petitioner did not appeal his conviction or sentence.

He filed a PCR Application (04-CP-21-1267) on July 12, 2004. In his Application, Petitioner alleged the following grounds for relief in his Application:

1. Ineffective assistance of counsel in that trial counsel failed to adequately investigate, prepare an adequate defense, or appeal.

2. The trial court erred in refusing counsel's request for a continuance and in denying a motion to dismiss.

**2007 App. 279-85**.

The State filed its return on July 12, 2004. In response to the allegations in Petitioner's application, the State contended that Petitioner could not satisfy either prong of the Strickland v. Washington, 466 U.S. 668 (1984) test for ineffective assistance of counsel, and that Petitioner was procedurally barred from raising the trial court error issue, which should have been properly raised in a direct appeal. **2007 App. 286-90**.

The Honorable J. Michael Baxley held a hearing on remand on March 15, 2006 at the Florence County Courthouse. Petitioner was present at the hearing; and Patrick J. McLaughlin, Esquire, represented him. Assistant Attorney General Sabrina C. Todd represented the State. Petitioner testified on his own behalf, and he presented the testimony of trial counsel, Mr. Anderson. **2007 App. 291-349**.

On August 2, 2006, Judge Baxley filed an Order Denying Post-Conviction Relief With Findings Pursuant To White v. State, in which he denied Petitioner's 2004 Application but made the requisite findings related to Petitioner's claim that he was entitled to appellate review of his trial

pursuant to White v. State, 263 S.C. 110, 208 S.E.2d 35 (1974). **2007 App. 351-57**.

Petitioner served and filed a timely notice of appeal. Deputy Chief Attorney Wanda H. Carter, of the South Carolina Office of Indigent Defense's Division of Appellate Defense, represented him in collateral appellate proceedings. On June 8, 2007, Petitioner filed a Petition for Writ of Certiorari that raised the following issue:

> The PCR court properly ruled that petitioner did not voluntarily waive his right to a direct appeal in the case.

**Petition for Writ of Certiorari at p. 2**. On June 8, 2007, Ms. Carter also filed an Anders Brief of Appellant Pursuant to White v. State and petitioned to be relieved as counsel. The only issue presented for review in the Anders Brief was stated as follows:

> The lower court erred in denying appellant's directed verdict motion for an acquittal on the state's charge in the case.

**2007 Anders Brief, p. 3**.

Petitioner thereafter filed "Appellant's Response to Anders Brief, which is dated July 13, 2007. In his pleading, he complained that appellate counsel filed a Brief stating that there were no issues of merit, and he argued the trial court erred when it denied the directed verdict motion.

On May 16, 2008, the South Carolina Court of Appeals filed an unpublished Opinion dismissing the appeal and granting counsel's request to be relieved. It sent the Remittitur to the Florence County Clerk of Court on June 3, 2008.

## II. HABEAS ALLEGATIONS

Petitioner filed his petition on May 21, 2009, in which Petitioner raises the following allegations, quoted verbatim:

| | |
|---|---|
| **GROUND ONE:** | Ineffective Assistance of Counsel: Failure to Investigate, challenge search warrants [through] a pretrial exam. |
| **SUPPORTING FACTS:** | Petitioner's counsel was ineffective in failing to conduct a reasonable pre-trial investigation, failing to request a pre-trial hearing questioning the search warrant, or a motion to quash said warrant and suppress any and all evidence. Pursuant to: Wiggins v. Smith, 123 S.Ct. 2527 (2003); Georgia v. Randolph, 126 S.Ct. 1515 (2006); Strickland v. Washington, 466 U.S. 668 (1984). |
| **GROUND TWO** | Violation of Right to Due Process and Equal Protection. |
| **SUPPORTING FACTS**: | The Petitioner was denied his Constitutional Right to Notice of right to appeal and have Third Party Guilty heard. Pursuant to Roe v. Flores-Ortega, 528 U.S. 470, 484 (2000), Holmes v. South Carolina, 126 S.Ct. 1727 (2006). Denial of a Directed Verdict, where no competent evidence had been presented. |
| **GROUND THREE:** | Ineffective Assistance of Appellate Counsel: Failure to participate in adversarial process, failure to prefect[sic] appeal. |
| **SUPPORTING FACTS**: | Appellate Counsel allowed the Respondent to submit an incomplete transcript that missed several pages, allowed Respondent to file Brief outside of appellate rules; did not challenge transcripts lack of certification by court reporter; failure to submit meritorious legal brief based on lack of evidence presented. Pursuant to Evitts v. Lucey, 469 U.S. 387 (1985), Roe v. Flores- Ortega, 528 U.S. 470, 484 (2000). |

(Petition).

### III.  SUMMARY JUDGMENT

Respondent filed a motion for summary judgment, and Petitioner responded.

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c).

The movant has the burden of proving that a judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial." The opposing party may not rest on the mere assertions contained in the pleadings. Fed. R. Civ. P. 56(e); Celotex v. Catrett, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial. See Fed. R. Civ. P. 56(c). Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact." In Celotex, the Court held the defendants were "entitled to judgment as a matter of law" under Rule 56(c) because the Ppetitioner had failed to make a sufficient showing on essential elements of

his case with respect to which he has the burden of proof. Celotex, 477 U.S. at 322-323.

## IV. STANDARD OF REVIEW

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

As "a determination of a factual issue made by a State court shall be presumed to be correct," a Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). With respect to reviewing the state court's application of federal law, " '[a] federal habeas court may grant the writ if the state court identifies the correct governing principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (*quoting* Williams v. Taylor, 529 U.S. 362, 413 (2000)). Further, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." *Id.* "Thus, to grant [a] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that

it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004).

## V.  DISCUSSION AS TO PROCEDURAL BAR

### A.  Procedural Bar

Exhaustion and procedural bypass are separate theories which operate in a similar manner to require a habeas Petitioner to first submit his claims for relief to the state courts. The two theories rely on the same rationale. The general rule is that a Petitioner must present his claim to the highest state court with authority to decide the issue before the federal court will consider the claim.

### 1.  Exhaustion

The theory of exhaustion is based on the statute giving the federal court jurisdiction of habeas petitions. Applications for writs of habeas corpus are governed by 28 U.S.C.§ 2254, which allows relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States."  The statute states in part:

> (b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(I) there is either an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process, ineffective to protect the rights of the applicant.
>
> (2)  An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

This statute clearly requires that an applicant pursue any and all opportunities in the state courts before seeking relief in the federal court. When subsections (b) and (c) are read in conjunction, it is clear that § 2254 requires a Petitioner to present any claim he has to the state courts before he can proceed on the claim in this court.

The United States Supreme Court has consistently enforced the exhaustion requirement.

> The exhaustion doctrine existed long before its codification by Congress in 1948. In Ex parte Royall, 117 U.S. 241, 251 (1886), this Court wrote that as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act . . . .

Rose v. Lundy, 455 U.S. 509, 515 (1982).

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal, See SCAR 207 and Blakeley v. Rabon, 266 S.C. 68, 221 S.E.2d 767 (1976). The second avenue of relief is by filing an application for post-conviction relief (PCR). See S.C. Code Ann. §17-27-10 et seq. A PCR applicant is also required to state all of his grounds for relief in his application. See, S. C. Code Ann. § 17-27-90. Strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina Courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

When the petition for habeas relief is filed in the federal court, a Petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim. If any avenue of state relief is still available, the Petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts, Patterson v. Leeke, 556 F.2d 1168 (4th Cir. 1977) and Richardson v. Turner, 716 F.2d 1059 (4th Cir. 1983). However, if Petitioner has failed to raise the issue before the state courts, but still has any means to do so, he will be required to return to the state courts to exhaust the claims. Rose 455 U.S. at 515.

### 2.Procedural bypass

Procedural bypass is the doctrine applied when the person seeking relief failed to raise the claim at the appropriate time in state court and has no further means of bringing that issue before the state courts. If this occurs, the person is procedurally barred from raising the issue in his federal habeas petition. The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, Smith v. Murray, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, (i.e., direct appeal, appeal from PCR denial) and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

10

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote

> . . . not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

Reed v. Ross, 468 U.S. 1, 10-11 (1984).

Although the federal courts have the power to consider claims despite a state procedural bar,
> . . . the exercise of that power ordinarily is inappropriate unless the defendant succeeds in showing both "cause" for noncompliance with the state rule and "actual prejudice" resulting from the alleged constitutional violation.

Smith v. Murray, supra, quoting Wainwright v. Syke s, 433 U.S. at 84 (1977); see also Engle v. Isaac, 456 U.S. 107, 135 (1982).

Stated simply, if a federal habeas Petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a Petitioner has failed to comply with state procedural requirements and cannot make the required showing(s) of cause and prejudice, the federal courts generally decline to hear the claim. See Murray v. Carrier, 477 U.S.478, 496 (1986).

### 3. Inter-relation of Exhaustion and Procedural Bypass

As a practical matter, if a Petitioner before this court has failed to raise a claim in state court, and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply.

Matthews v. Evatt, 105 F.3d 907 (4th Cir. 1997); cert.denied, 118 S.Ct. 102 (1997) citing Coleman v. Thompson, 501 U.S. 722, 735 n. 1 (1991); Teague v. Lane, 489 U.S. 288,297-98 (1989); and George v. Angelone, 100 F.3d 353,363 (4th Cir. 1996).

### 4. Cause and Actual Prejudice

The requirement of exhaustion is not jurisdictional and this court may consider claims which have not been presented to the South Carolina Supreme Court in limited circumstances. Granberry v. Greer, 481 U.S. 129, 131 (1987). In order to have such claims considered, a Petitioner must show sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, Coleman v. Thompson, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. Murray v. Carrier, 477 U.S. 478 (1986). A Petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. Murray v. Carrier, 477 U.S. 478 (1986); Clozza v. Murray, 913 F.2d 1092 (4th Cir. 1990), cert. denied, 499 U.S. 913 (1991); and Clanton v. Muncy, 845 F.2d 1238 (4th Cir. 1988), cert. denied, 485 U.S. 1000 (1988).

Absent a showing of "cause," the court is not required to consider "actual prejudice." Turner v. Jabe, 58 F.3d 924 (4th Cir. 1995). However, if a Petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. Murray v. Carrier, 477 U.S. at 492. To show actual prejudice, the Petitioner must demonstrate more than plain error. He is required to prove that specific errors infected the trial and were of constitutional dimensions. United States v. Frady, 456 U.S. 152 (1982).

In the case of Kornahrens v. Evatt, 66 F.3d 1350 (4th Cir. 1995), cert. denied 517 U.S.1171

(1996), 116 S.Ct. 1575 (1996), the Court of Appeals stated that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits. The Court noted that it is always tempting to discuss the merits as an alternative reason for a conclusion, but that once a court finds an issue to be procedurally barred, all discussion which follows is only dicta. See Karsten v. Kaiser Foundation Health Plan, 36 F.3d 8, 11 (4th Cir. 1993). Once a court has determined that a claim is procedurally barred, it should not stray into other considerations.

## VI. ANALYSIS

In Ground One of the petition, Petitioner asserts that trial counsel was ineffective for failing to "conduct a reasonable pre-trial investigation," failing to "request a pre-trial hearing questioning the search warrant" or a "motion to quash said warrant and suppress any and all evidence."

Respondent argues that Ground One is procedurally defaulted as Petitioner failed to present this allegation to the state supreme court on certiorari following the denial of relief by the PCR judge and cannot show cause and prejudice to excuse the default.

After a review of the record, this court finds the issues of ineffective assistance of counsel asserted in Ground One as set out above are barred from federal review because the issue was procedurally defaulted in state court under Coleman v. Thompson, 501 U.S. 722, (1991). The PCR concluded that Petitioner was entitled to a White v. State, 263 S.C. 110, 208 S.E.2d 35 (1974) review based on his claim that he was not advised of his appeal rights.[2] As to the remaining issues,

---

[2] When the post-conviction relief judge has affirmatively found that the right to a direct appeal was not knowingly and intelligently waived, he may not grant relief on this basis. The applicant must petition the Supreme Court for review. Davis v. State, 288 S.C. 290, 291 n. 1, 342 S.E2d 60 n.1 (1986).

13

the PCR found Petitioner had not established any constitutional violation or deprivations before or during his trial and sentencing proceedings and counsel was no deficient in any manner. The only issue raised in the petition for Writ of Certiorari was that "The PCR court properly ruled that petitioner did not voluntarily waive his right to a direct appeal in the case." (See petition for Writ of Certiorari.)

As to the procedural default, the Petitioner has not shown sufficient cause and prejudice to excuse the default. In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. Petitioner has failed to meet this burden. Thus, it is procedurally barred from consideration by this Court and should be dismissed. Id.; *see* 28 U.S.C. 2254; Rodriguez v. Young, 906 F.2d 1153, 1159 (7th Cir.1990), *cert. denied,* 498 U.S. 1035 (1991) ["Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."]; Mazzell v. Evatt, 88 F.3d 263, 269 (4th Cir.), *cert. denied*, 519 U.S. 1016 (1996) [In order to show prejudice a Petitioner must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.]; Wainwright v. Sykes, supra; Murray v. Carrier, 477 U.S. 478 (1986); Rodriguez, 906 F.2d at 1159 [a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent"](citing *Murray v. Carrier,* 477 U.S. at 496); Sawyer v. Whitley, 505 U.S. 333, 348 (1992); Bolender v. Singletary, 898 F.Supp. 876, 881 (S.D.Fla.1995). Therefore, it is recommended that the Respondent's motion for summary judgment be granted with

regards to the issues raised under Ground One.

In Ground Two, Petitioner asserts a "violation of right to Due Process and Equal Protection." (Petition). Petitioner argues that he was denied his right to "Notice of Right to Appeal and to have Third Party Guilty heard." (Petition). Petitioner argues that he was denied a directed verdict when there was no competent evidence presented.

Respondent argues that Petitioner was granted a belated appeal from his conviction and sentence and that appellate counsel submitted an Anders brief in which she argued that Petitioner has entitled to a directed verdict.

First, as to Petitioner's claim that he was denied his notice of right to appeal, it is noted that Petitioner did receive a belated appeal by the South Carolina Court of Appeals when they found that there was sufficient evidence to support the PCR judge's finding that Petitioner was entitled to a belated appeal, granted the petition for a Writ of Certiorari, and proceeded with a review of the direct appeal issue pursuant to Davis v. State, 288 S.C. 290, 342 S.E.2d 60 (1986). Petitioner's appeal was dismissed "after consideration of the Petitioner's pro se brief and review pursuant to Anders v. California, 386 U.S. 738 (1967)." (See Transcript). Therefore, the portion of Ground Two that addresses the fact that he did not receive a direct appeal should be denied as Moot.

Additionally, Petitioner argues that he was denied his constitutional rights when the trial court denied the motion for directed verdict when "no competent evidence [was] presented." (Petition). As Petitioner is asserting that a directed verdict should have been granted based on the lack of evidence presented at trial, the undersigned concludes that this is an issue of evidence and the court will not grant relief based on the state's own standards for sufficiency of the evidence. See Wilson v. Greene, 155 F.3d 396, 407 (4th Cir. 1998). Thus, it is recommended that this issue be

15

dismissed and Respondent's motion for summary judgment granted with respect to Ground Two.

In Ground Three, Petitioner asserts that he received ineffective assistance of appellate counsel due to her failure to participate in the "adversarial process and failure to perfect an appeal." (Petition).

Respondent argues that Petitioner has admitted that he did not exhaust Ground Three and this issue was never presented in state court. Therefore, Respondent argues that Ground Three is defaulted under Coleman, supra.

As this issue was not raised in state court, the issue is procedurally defaulted. Coleman v. Thompson, 501 U.S. 722, (1991). As to the procedural default, the Petitioner has not shown sufficient cause and prejudice to excuse the default. In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. Petitioner has failed to meet this burden. Thus, it is procedurally barred from consideration by this Court and should be dismissed. Id.; *see* 28 U.S.C. 2254; Rodriguez v. Young, 906 F.2d 1153, 1159 (7th Cir.1990), *cert. denied,* 498 U.S. 1035 (1991) ["Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."]; Mazzell v. Evatt, 88 F.3d 263, 269 (4th Cir.), *cert. denied*, 519 U.S. 1016 (1996) [In order to show prejudice a Petitioner must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.]; Wainwright v. Sykes, supra; Murray v. Carrier, 477 U.S. 478 (1986); Rodriguez, 906 F.2d at 1159 [a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional

violation has probably resulted in the conviction of one who is actually innocent"](citing *Murray v. Carrier,* 477 U.S. at 496); Sawyer v. Whitley, 505 U.S. 333, 348 (1992); Bolender v. Singletary, 898 F.Supp. 876, 881 (S.D.Fla.1995). Therefore, it is recommended that the Respondent's motion for summary judgment be granted with regards to this issue under Ground Three.

## VII. CONCLUSION

Based on the foregoing, it is recommended that Respondent's motion for summary judgment (docket entry #21) be GRANTED and the Petitioner's Petition for Writ of Habeas Corpus should be denied, and the petition dismissed without an evidentiary hearing.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

April 20, 2010
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**